Case 4:14-cv-04052-Y   Document 1   Filed 12/29/14   Page 1 of 9   PageID 1



$400
Rpt # FW02336
ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 29 2014
CLERK, U.S. DISTRICT COURT
By _____
                Deputy
```

| | |
|---|---|
| AMY GONZALEZ ) | |
| *Plaintiff.* ) | CIVIL ACTION NO. |
| v. ) | |
| ) | 4-14CV-1052Y |
| AMERICAN EXPRESS ) | |
| COMPANY ) | |
| *Defendant.* ) | TRIAL BY JURY DEMANDED |
| ) | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Amy Gonzalez complains of American Express Company Defendant, and for cause of action would respectfully show as follows:

## NATURE OF ACTION

1. This is an action for damages brought by individual, Plaintiff Amy Gonzalez against Defendant American Express Company for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227(b)(1)(A)(iii).

2. Plaintiff contends that the Defendant has violated such laws by calling her cellular telephone for a non-emergency purpose using recorded messages and using an automatic telephone dialing system without express permission to do so.

Original Complaint                                              Page 1 of 7

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 47 U.S.C. §227(f)(2).

4. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1391b because Defendant engages in business within this state.

5. Venue is proper pursuant to 28 U.S.C. §1391b and 47 U.S.C. §227(f)(4).

6. Venue in the Northern District of Texas, Fort Worth Division is proper in that the Plaintiff resides in State of Texas, Tarrant County, City of Fort Worth, the Defendant transacts business here, and the conduct complained of occurred here.

7. All conditions precedent to the bringing of this action, have been performed.

## PARTIES

8. The Plaintiff in this lawsuit is Amy Gonzalez, a natural person and a citizen of Tarrant County, Texas.

9. Defendant in this lawsuit is American Express Company (herein after "American Express") a collection company with principal office at 200 Vesey Street., New York, NY 10285.

10. American Express may be served with process by serving its registered agent for service of process: C T Corporation System, 111 8th Avenue, New York, NY 10011.

## FACTUAL ALLEGATIONS

11. The telephone number (951) 756-0681 is assigned to a cellular telephone belonging to the Plaintiff Amy Gonzalez.

12. On *August 23, 2014 at 10:51 a.m.*, American Express called the wireless cell phone (951) 756-0681 from telephone number (800) 824-9289. (Exhibit A)

13. On *August 23, 2014 at 01:26 p.m.*, American Express called the wireless cell phone (951) 756-0681 from telephone number (800) 824-9289. (Exhibit A)

14. On *August 23, 2014 at 03:56 p.m.*, American Express called the wireless cell phone (951) 756-0681 from telephone number (800) 824-9289. (Exhibit A)

15. On *August 28, 2014 at 02:59 p.m.*, American Express called the wireless cell phone (951) 756-0681 from telephone number (800) 824-9289. (Exhibit A)

16. On *August 28, 2014 at 04:04 p.m.*, American Express called the wireless cell phone (951) 756-0681 from telephone number (800) 824-9289. (Exhibit A)

17. On *August 28, 2014 at 05:08 p.m.*, American Express called the wireless cell phone (951) 756-0681 from telephone number (800) 824-9289. (Exhibit A)

18. On *August 28, 2014 at 06:12 p.m.*, American Express called the wireless cell phone (951) 756-0681 from telephone number (800) 824-9289. (Exhibit A)

19. In each telephone communication in question here, American Express called Plaintiff's cellular phone number with recorded messages using an automatic telephone dialing system without prior express consent, written or otherwise.

20. At no time has Plaintiff given her express consent, written or otherwise, to American Express to call her wireless cellular telephone.

21. Plaintiff has no prior or present established relationship with American Express.

22. Plaintiff has no contractual obligation to pay American Express any alleged debt.

23. On July 18, 2014 Plaintiff sent a letter via United States Postal Service Certified Mail informing Defendant Santander said actions were a violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227(b)(1)(A)(iii). This was in an effort to amicably resolve the matter prior to litigation.

24. All violations complained of herein occurred within the statute of limitations of the applicable federal statutes.

## COUNT I

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227(b)(1)(A) BY DEFENDANT AMERICAN EXPRESS COMPANY

25. Paragraphs 1 through 24 is re-alleged as though fully set forth herein.

26. Plaintiff and American Express do not have an established business relationship within the meaning of 47 U.S.C. §227(a)(2).

27. American Express called Plaintiff's cellular telephone using an "automatic telephone dialing system" within the meaning of 47 U.S.C. §227(a)(1).

28. In each telephone communication referenced in ¶12 through ¶18 American Express has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227 (b)(1)(A) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the *capacity* to automatically call the Plaintiff's cellular telephone number (951) 756-0681, which is assigned to a cellular telephone service *with no* prior express consent and for no emergency purpose.

29. 47 U.S.C. §227(b)(1)(A) which states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS.—It shall be *unlawful for any person* within the United States, or any person outside the United States if the recipient is within the United States—

> *(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—*

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

b) Awarding *Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(B);* which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

c) Awarding *Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(C);* which states in part: If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

d) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227(b)(1)(A)(iii) BY DEFENDANT AMERICAN EXPRESS COMPANY

30. Plaintiff alleges and incorporates the information in paragraphs 1 through 29.

31. In each telephone communication referenced in ¶12 through ¶18, American Express has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the *capacity* to automatically call the Plaintiff's number (951) 756-0681, which is *assigned to a cellular telephone service*.

32. In telephone communications referenced in ¶15, ¶16, and ¶17 American Express has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the capacity to automatically call the Plaintiff's cellular phone number (951) 756-0681, which the Plaintiff was charged for the telephone calls.

33. 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

    (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

       (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

          (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

          (iii) *to any telephone number assigned* to a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, *or any service for which the called party is charged for the call;*

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

e) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

f) Awarding Plaintiff *statutory damages, pursuant to 47 U.S.C §227(b)(3)(B);* which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

g) Awarding Plaintiff *statutory damages, pursuant to 47 U.S.C §227(b)(3)(C);* which states in part: If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

h) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands trial by jury.

Dated: December 27, 2014

Respectfully Submitted,

*Amy G*

Amy Gonzalez
416 Chatamridge Court
Fort Worth, TX 76052
(817) 909-8558
gonamyleigh@yahoo.com









**EXHIBIT A**

JS 44-TXND (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

ORIGINAL

## I. (a) PLAINTIFFS
Amy Gonzalez

**(b)** County of Residence of First Listed Plaintiff: **Tarrant**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
American Express Company

County of Residence of First Listed Defendant: **New York**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

4-14CV-1052Y

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227(b)(1)(A)(iii)
Brief description of cause:
Violations of the Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 12/27/14
SIGNATURE OF ATTORNEY OF RECORD: *Amy G*

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____